## Samuel B. Geiger, Appellant, v. Finley Barrell et al., Appellees.

### Gen. No. 18,894.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*effect of filing amended statement of claim.* The filing of an amended statement of claim, as distinguished from the amendment of a previously filed state-

ment, is in effect a substitute for statements previously filed, and is regarded as the only statement of claim in the case.

2. LIMITATION OF ACTIONS, § 56*—*when matters set up in amended statement of claim subject to bar.* Matters set up in an amended statement of claim filed in an action in the Municipal Court are subject to the bar of limitations, since the effect of the filing of such a statement is to supersede previously filed statements.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 30, 1914. *Certiorari* denied by Supreme Court (making opinion final).

A. G. DICUS, for appellant.

FREDERICK SASS, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

May 18, 1910, plaintiff, Geiger, brought an action of the first class against defendants in the Municipal Court. In his statement of claim plaintiff stated that his claim was for money had and received by defendants of plaintiff and for certain shares of stock had and received by defendants and converted to their own use. Pursuant to an order to file a more specific statement of claim, plaintiff, June 11, 1910, filed an amendment to his statement of claim, which stated the respective amounts received by defendants and the dates when received. June 27, 1910, plaintiff filed "an amended statement of claim," which states that the money was advanced and stock delivered to the defendants to cover losses at gaming or gambling in grain under an agreement between the parties therein set forth. November 12, 1911, plaintiff filed a "second amended statement of claim," which alleged that the money was advanced and the stock was deposited to cover losses at gambling in grain and in the capital stock of corporations. Defendants filed an affidavit of defense to this claim, in which it is stated "that the statute of limitations had run against plaintiff's cause of action as set forth in his second amended statement

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of claim filed November 13, 1911.'' When the cause was reached for trial the plaintiff moved the court to strike from the files the amended affidavit of merits of the defendants so far as it related to the statute of limitations. The motion was denied and the plaintiff, by his counsel, announced that he elected to stand by his motion, the demands for a trial by jury were withdrawn by the parties and the cause submitted to the court. The plaintiff offered no evidence, the court entered a judgment of *nil capiat* and plaintiff appealed.

The statement of claim filed November 13, 1911, was an amended statement of claim, not an amendment to any statement of claim theretofore filed. The effect of filing an amended statement of claim is to substitute it for the statements of claim theretofore filed, and it is regarded as the only statement of claim in the case. We think that the court properly denied plaintiff's motion to strike from the files the amended affidavit of merits of the defendants so far as it related to the statute of limitations. It follows from what has been said, that in our opinion the judgment of *nil capiat* was proper, and it is affirmed.

*Judgment affirmed.*